1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

7

8

Case No. 13-CV-05112 (VEB)

9

BRETT KELLY MAY,

10

Plaintiff,

DECISION AND ORDER

11

vs.

12

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

13

Defendant.

14

15

## I. INTRODUCTION

16

In July of 2010, Plaintiff Brett Kelly May applied for Supplemental Security

17

Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social

18

Security Act. The Commissioner of Social Security denied the applications.

19

20

Plaintiff, represented by Robert Gary Ponti, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On June 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 15).

## II. BACKGROUND

The procedural history may be summarized as follows:

On July 15, 2010, Plaintiff applied for SSI benefits and DIB, alleging disability beginning June 1, 2005. (T at 179-80, 181-90).[1] The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 22, 2012, a hearing was held before ALJ Moira Ausems. (T at 33). Plaintiff appeared with an attorney and testified. (T at 54-73, 90-93). The ALJ also received testimony from Dr. Marian Martin, a psychological expert, (T at 41-54) Scott Whitmer, a vocational expert, (T at 93-98), and Kristi Saranto, an acquaintance of Plaintiff. (T at 73-89).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

On April 20, 2012, the ALJ issued a written decision denying the applications for benefits and finding that Plaintiff was not entitled to benefits under the Social Security Act. (T at 11-32). The ALJ's decision became the Commissioner's final decision on August 12, 2013, when the Social Security Appeals Council denied Plaintiff's request for review. (T at 1-4).

On October 2, 2013, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on January 10, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on April 22, 2014. (Docket No. 12). The Commissioner moved for summary judgment on June 26, 2014. (Docket No. 17). Plaintiff filed a reply memorandum of law on July 25, 2014. (Docket No. 21). As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 7).

For the reasons set forth below, the Commissioner's motion is granted, and Plaintiff's motion is denied.

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

# III. DISCUSSION

## A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

1   404.1520(a)(4)(ii), 416.920(a)(4)(ii).

2       If plaintiff does not have a severe impairment or combination of impairments,

3   the disability claim is denied. If the impairment is severe, the evaluation proceeds to

4   the third step, which compares plaintiff's impairment with a number of listed

5   impairments acknowledged by the Commissioner to be so severe as to preclude

6   substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

7   C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

8   impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

9   not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

10  step, which determines whether the impairment prevents plaintiff from performing

11  work which was performed in the past. If a plaintiff is able to perform previous work

12  that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

13  416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is

14  considered. If plaintiff cannot perform past relevant work, the fifth and final step in

15  the process determines whether plaintiff is able to perform other work in the national

16  economy in view of plaintiff's residual functional capacity, age, education and past

17  work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v.*

18  *Yuckert*, 482 U.S. 137 (1987).

19

20

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

1  **C.    Commissioner's Decision**

2      The ALJ found that Plaintiff met the insured status requirements under the

3  Social Act through March 31, 2010. (T at 16). The ALJ noted that Plaintiff engaged

4  in substantial gainful activity from February 3, 2006 to June 16, 2006. (T at 17).

5  The ALJ further found that between June 1, 2005 (the alleged onset date) and

6  February 3, 2006 (the date Plaintiff returned to work), there was no continuous 12-

7  month period during which Plaintiff did not engage in substantial gainful activity. (T

8  at 17).  As such, the ALJ determined that Plaintiff was not disabled from June 1,

9  2005 through February 3, 2006. (T at 17). However, the ALJ found that Plaintiff did

10  not engage in substantial gainful activity after June 16, 2006. (T at 17).

11      The ALJ determined that Plaintiff's alcohol induced psychosis, major

12  depressive disorder versus alcohol-induced mood disorder, anxiety associated with

13  alcohol abuse, and alcohol abuse disorder were "severe" impairments under the Act.

14  (Tr. 17-18).  The ALJ found that Plaintiff's impairments, including the substance use

15  disorders, met sections 12.03, 12.04, 12.06, and 12.09 of the Listings. (T at 18-19).

16  The ALJ further determined that if Plaintiff stopped the substance abuse, his

17  remaining limitations would cause more than a minimal impact on his ability to

18  perform basic work activities and, as such, Plaintiff would continue to have a severe

19  impairment or combination of impairments. (T at 19).

20

However, the ALJ concluded that if Plaintiff stopped the substance abuse, he would not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 19-20). The ALJ determined that if Plaintiff stopped the substance abuse, he would have the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but be limited to work that involved simple, repetitive tasks that did not involve more than superficial contact with the general public. (T at 20-25).

The ALJ found that Plaintiff could perform his past relevant work as a plumber if he stopped the substance abuse. (T at 30-31). In addition, considering Plaintiff's age (37 years old on the alleged onset date), education (high school), work experience (unskilled), and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform if he stopped the substance abuse. (T at 25-26).

Accordingly, the ALJ concluded that Plaintiff's substance abuse disorder was a contributing factor material to the determination of disability. As such, the ALJ determined that Plaintiff was not eligible for benefits. (T at 26). As noted above, the ALJ's decision became the Commissioner's final decision on August 12, 2013, when the Appeals Council denied Plaintiff's request for review. (Tr. 1-4).

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  He offers three (3) main arguments in support of this position.  First, Plaintiff contends that the ALJ failed to afford appropriate weight to the assessment of his treating medical source.  Second, Plaintiff argues that the ALJ erred by failing to discuss an examining physician's opinion.    Third, he challenges the ALJ's credibility assessment.  After a summary of the legal standard applicable to cases involving substance abuse, this Court will address each argument in turn.

**1.        Substance Abuse**

When a Social Security disability claim involves substance abuse, the ALJ must first conduct the general five-step sequential evaluation without determining the impact of substance abuse on the claimant. If the ALJ finds that the claimant is not disabled, then the ALJ proceeds no further.  If, however, the ALJ finds that the claimant is disabled, then the ALJ conducts the sequential evaluation a second time and considers whether the claimant would still be disabled absent the substance abuse.  *See Bustamente v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001), 20 CFR § 404.1535.

The claimant bears the burden at steps 1-4 of the second sequential analysis of showing substance abuse is not a "contributing factor material to his disability."

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

*Hardwick v. Astrue*, 782 F. Supp. 2d 1170, 1177 (E.D.Wa. 2011)(citing *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007)).  To meet this burden, the claimant "must provide competent evidence of a period of abstinence and medical source opinions relating to that period sufficient to establish his [substance abuse] is not a contributing factor material to his alleged mental impairments and disability." *Hardwick*, 782 F. Supp. 2d at 1177 (citing *Parra*, 481 F.3d at 748-49).

### 2.    Treating Physician's Opinion

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

In March of 2012, Dr. Robert Johnson, Plaintiff's treating psychiatrist, wrote a letter noting that Plaintiff was being treated for concurrent disorders of substance abuse (alcohol) and schizophrenia (thought disorder). Symptoms included audio hallucinations, delusions, paranoia, flattened affect, social withdrawal, and suspiciousness, all of which impaired his ability to maintain employment. (T at 1241). Dr. Johnson noted that Plaintiff's psychotic symptoms (including audio hallucinations) were present even when he was not using alcohol. (T at 1241). Dr. Johnson opined that Plaintiff's substance abuse and schizophrenia were "concurrent," such that his symptoms continued to impair his thinking and inhibit his ability to maintain employment even during periods of sobriety.

The ALJ discounted Dr. Johnson's opinion and afforded greater weight to the assessment of Dr. Marian Martin, a psychological expert who testified at the administrative hearing. (T at 24). This Court finds that the ALJ's decision to discount Dr. Johnson's opinion was rendered in accordance with applicable law and is supported by substantial evidence.

It is appropriate for an ALJ to discount a treating physician's opinion when the opinion is contradicted by the contemporaneous treatment notes. *See Bayliss v.*

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

*Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).  Here, treatment notes from November and December of 2011 (a period of sobriety) described Plaintiff as "cooperative" and actively participating in group therapy. (T at 1228-35).  Dr. Johnson assigned a Global Assessment of Functioning ("GAF")[2] score of 65 (T at 1230), which is indicative of mild symptoms. *See Wright v. Astrue*, CV-09-164, 2010 U.S. Dist. LEXIS 53737, at *27 n. 7 (E.D. Wa. June 2, 2010).

The lack of medical support for a physician's opinion based substantially on a claimant's subjective complaints of pain is another appropriate reason for discounting a treating physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).  Here, the ALJ noted that Plaintiff engaged in fishing on a regular basis and performed odd jobs during the relevant time period. (T at 22).  The ALJ also referenced evidence that all of Plaintiff's psychiatric hospitalizations have been associated with alcohol use and documentation that Plaintiff's symptoms improved significantly when he was sober and receiving appropriate medication. (T at 21).

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

Moreover, the ALJ's decision was supported by the assessments of non-examining medical experts. "The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it." *Henderson v. Astrue*, 634 F. Supp. 2d 1182, 1190 (E.D.W.A. 2009)(citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). Here, two non-examining physicians provided opinions supporting the ALJ's decision to discount Dr. Johnson's assessment.

Dr. Edward Beaty, one of the two non-examining physicians, reviewed the record in January of 2011 and opined that Plaintiff suffered from alcohol induced psychosis. (T at 1093). Dr. Beaty concluded that, absent substance abuse, Plaintiff would have mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. (T at 1102). Dr. Beaty noted that "[w]hen sober and compliant with meds, [Plaintiff's] psychosis clears rapidly . . . ." (T at 1104).

Dr. Marian Martin, the other of the two non-examining physicians, reviewed the record and testified at the administrative hearing in February of 2012. Dr. Martin noted that Plaintiff's psychotic symptoms seemed to be present when he had a period of drinking. (T at 44). However, when he was compliant with medication and abstained from alcohol, Plaintiff's significant psychotic symptoms "seemed to

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

fade." (T at 44). Dr. Martin found that, during such periods, the evidence indicated that Plaintiff functioned "relatively well." (T at 45). Dr. Martin opined that, without substance abuse, Plaintiff's limitations as to activities of daily living would be "at most mild;" social functioning limitations would be "mild to moderate;" and concentration, persistence and pace limitations would be "moderate." (T at 46). She believed that, without alcohol abuse, Plaintiff would "do best" in a job that was "somewhat routine, repetitive" and did not involve a great deal of contact with the general public. (T at 47). Dr. Martin was present at the hearing and subject to cross-examination by Plaintiff's counsel. (T at 47-53). "[A]n ALJ may give greater weight to the opinion of a non-examining expert who testifies at a hearing subject to cross-examination." *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995) (citing *Torres v. Secretary of H.H.S.*, 870 F.2d 742, 744 (1st Cir. 1989)); *see also Moody v. Astrue*, No CV-10-161, 2011 U.S. Dist. LEXIS 125165, at *22-23 (E.D. Wash. Oct. 28, 2011)(finding that ALJ did not err in giving greater weight to medical expert's opinion over treating psychiatrist's opinion concerning substance abuse).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Johnson's March 2012 opinion, but it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision to discount Dr. Johnson's assessment was supported by substantial evidence and must therefore be sustained.   *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

### 3.        Examining Physician's Opinion

In May of 2011, Dr. John Hughes conducted a psychological/psychiatric evaluation.  He noted that Plaintiff had mild short-term memory impairment, marked perceptual or thinking disturbances, mild disorientation to time and place, and moderate affect. (T at 1153).  Dr. Hughes diagnosed schizophrenia, depression, and alcohol dependence. (T at 1153).  He opined that Plaintiff was shy and had difficulty around others and problems coping with reality, which would impose a moderate limitation on his ability to perform work activities. (T at 1153).  Dr. Hughes assessed no limitation as to Plaintiff's ability to understand, remember, and persist in tasks

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

following simple instructions; mild limitation with respect to his ability to learn new tasks, be aware of normal hazards, and take appropriate precautions, and communicate and perform effectively in a work setting with limited public contact; and moderate limitation as to his ability to understand, remember, and persist in tasks by following complex instructions, performing routine tasks without undue supervision, communicating and performing effectively in a work setting with public contact, and maintaining appropriate behavior in a work setting. (T at 1154).  Dr. Hughes believed Plaintiff would be unable to perform complex tasks without guidance and direction. (T at 1154).

The ALJ did not discuss Dr. Hughes's assessment.  This was, of course, error, as the ALJ was obliged to discuss all of the medical opinions.  However, an ALJ's error may be deemed harmless if, in light of the other reasons supporting the overall finding, it can be concluded that the error did not "affect[ ] the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the  ultimate nondisability determination").

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

Here, the ALJ's ultimate RFC determination included the requirement that Plaintiff be limited to simple, repetitive tasks that did not involve more than superficial contact with the general public. (T at 20). This effectively incorporated the principal limitations assessed by Dr. Hughes. To the extent Dr. Hughes assessed a more significant limitation with regard to Plaintiff's ability to interact with others, the ALJ addressed that issue in detail, citing evidence of Plaintiff's success in group therapy and his ability to maintain meaningful friendships and relationships with family members. (T at 22). In addition, Plaintiff's counsel questioned Dr. Martin, the medical expert, about Dr. Hughes's opinion during the administrative hearing, and Dr. Martin considered the opinion as part of her analysis. (T at 50-51, 53). The ALJ's overall RFC determination was also supported by the opinions of Dr. Martin and Dr. Beaty, Dr. Johnson's treatment notes, and the evidence concerning Plaintiff's activities of daily living.

In light of the above, this Court finds that the ALJ's failure to discuss Dr. Hughes's opinion was, in this particular circumstance, harmless. With that said, this Court does not in any way condone the ALJ's failure to discuss this evidence. It is only because it appears the principal limitations were effectively incorporated into the RFC determination (which was otherwise well supported by the evidence) that this Court concludes that the error was not material to the ultimate determination.

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

*See Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9ᵗʰ Cir. 2011)("The ALJ's errors are relevant only as they affect that analysis on the merits. A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

### 4.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9ᵗʰ Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9ᵗʰ Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9ᵗʰ Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9ᵗʰ Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

symptomatology alleged. *See* 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

Here, Plaintiff testified as follows:

As of the date of the hearing, he had been sober for a year and a half. (T at 55). However, he was still experiencing audio hallucinations. (T at 55-56). He continues to have paranoid feelings around crowds. (T at 56-57). He has anxiety in public. (T at 59). He gets "jumpy" and "standoff-ish" around others, which affects his ability to interact. (T at 60, 69). He has difficulty making decisions. (T at 63).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but found that Plaintiff's claims were not entirely credible to the extent he alleged continuing disabling impairments, even absent substance abuse. (T at 21). This Court finds that the ALJ's decision was supported by substantial evidence, including Plaintiff's activities of daily living, work history after the alleged onset date (which included substantial gainful activity and "odd jobs"), *see Seling v. Colvin*, No. C13-0809, 2013 U.S. Dist. LEXIS 183135, at *12 (W.D.Wa. Dec. 20, 2013)("The ALJ appropriately considered plaintiff's ability to engage in some work activity.")(citing *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992)), as well as Dr. Johnson's contemporaneous treatment notes, and the opinions provided by Dr. Beaty and Dr.

20

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

Martin.    Subjective complaints contradicted by medical records and by daily activities may be discounted. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Where, as here, substantial evidence supports the ALJ's credibility determination, this Court may not overrule the Commissioner's interpretation even if "the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d 747, 750 (9th Cir. 1989); *see also Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## IV. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB

## V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 12**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 17**, is **GRANTED**.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Commissioner, and CLOSE this case.

DATED this 16th day of October, 2014.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – MAY v COLVIN 13-CV-05112-VEB